UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EMMANUEL OLIVER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:14-cv-00366-WTL-WGH |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

# E N T R Y

## I.

The plaintiff's motion for assignment of an expert witness [dkt. 19] is **denied** because the Court "need not appoint an expert for a party's own benefit…." *Turner v. Cox,* 569 Fed.Appx. 463, 468, 2014 WL 3703865 (7th Cir. July 28, 2014); *Brown v. United States,* 74 Fed.Appx. 611, 614, 2003 WL 21949580 (7th Cir. Aug. 11, 2003) (no civil litigant has a legal right to compel the government to bear the cost of hiring an expert witness to testify on his behalf to establish an element of his case). The Court has no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. 28 U.S.C. § 1915(d) provides in part that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. "The right of access to the courts does not extend to provide witness fees for a witness the prisoner claims to be essential to his *in forma pauperis* case." *McKinney v. U.S.,* 2009 WL 798583 (D. Colo. Mar. 24, 2009) (citing *Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983)).

## II.

Before the Court is the plaintiff's motion for the appointment of counsel. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). Based on the plaintiff's submission, this Court concludes that the plaintiff has made a reasonable attempt to obtain counsel. The second question then is "whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655. The plaintiff was directed to include information for the Court to consider in resolving this question in any future motion for assistance in recruiting counsel. Specifically, the plaintiff was directed to provide information as to his abilities related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.

It is this Court's determination that the plaintiff's current motion for counsel reflects that he is competent to litigate this action on his own at this time.[1] The plaintiff's motion reflects that he faces the same challenges as nearly all prisoners proceeding pro se. As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). Given the massive amount of pro se prisoner litigation, it is simply impossible to recruit pro bono counsel for each of these cases.

---

[1] The Court will, however, be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and pro se status would make it particularly difficult for him to proceed without representation and to the possibility at those points where the assistance of counsel would be a benefit of both the plaintiff and the court in the presentation of the case.

The plaintiff's filings in this action reflect that he is able to read and write, is educated, and has substantial assistance in pursuing this action. There is no indication that his ability to litigate is limited by any mental or physical disabilities. The plaintiff is aware of the facts surrounding his claims.

For these reasons, the motion for counsel [dkt. 16] is **denied**.

**IT IS SO ORDERED.**

Date: 5/5/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EMMANUEL OLIVER
08635-028
ROCHESTER - FMC
ROCHESTER FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 4000
ROCHESTER, MN 55903

All electronically registered counsel